# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN SKELTON,<br><br>   Petitioner,<br><br>   v.<br><br>FEDERAL BUREAU OF PRISONS/FCI MENDOTA,<br><br>   Respondent. | Case No.  1:14-cv-01314-SAB-HC<br><br>ORDER TO SHOW CAUSE<br><br>ORDER GRANTING PETITIONER LEAVE TO AMEND PETITION TO NAME A PROPER RESPONDENT<br><br>(ECF No. 1) |

   Petitioner is a federal prisoner who is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the execution of his federal sentence. Petitioner consented to the jurisdiction of the United States Magistrate judge pursuant to 28 U.S.C. § 636(c)(1).

   On August 22, 2014, Petitioner filed the instant petition for writ of habeas corpus.  He raises the following grounds for relief: (1) Defense counsel and the prosecutor conspired and mislead the court during sentencing; (2) Misrepresentation by prosecutor that Petitioner was to remain in Federal custody and receive all jail credits; (3) Ineffective assistance of counsel at sentencing for failure to request that Petitioner's federal case run concurrent to his Montana state case; and (4) Ineffective assistance of counsel for failure to timely file a motion to amend Petitioner's sentence. (Pet. at 7-9). Petitioner requests that this Court amend his federal sentence

to reflect a start date of August 12, 2009, and award him credit for time served for the period of time between August 12, 2009, and December 13, 2011.  (Pet. at 9).

# I.

# DISCUSSION

## A. Jurisdiction

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991).  To receive relief under 28 U.S.C. § 2241, a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner.  See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden v. Keohane, 921 F.2d 476, 479 (3rd Cir. 1990) (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).

In this case, because Petitioner challenges the way the Bureau of Prisons (BOP) calculated his credits, he is challenging the execution of his sentence.  Clark, 80 F.3d at 372, 374.  Therefore, the Court has jurisdiction to consider the petition pursuant to 28 U.S.C. § 2241.

## B. Venue

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.  At the time of filing, Petitioner was in the custody of the Bureau of Prisons (BOP) at FCI Mendota at Mendota, California, which is located within the jurisdiction of this Court.  28 U.S.C. § 2254(a);

2241(d).  Therefore, venue is proper in this Court.

####  C.  Proper Respondent

For a court to hear a petition for writ of habeas corpus, it must have jurisdiction over the prisoner or his custodian. United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984).  A failure to name the proper respondent deprives a habeas court of personal jurisdiction.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989).  The proper respondent in a federal habeas corpus petition is the petitioner's "immediate custodian."  Brittingham, 982 F.2d at 379 (quoting Demjanjuk v. Meese, 784 F.2d 1114, 1115 (D.C.Cir.1986) (Bork, J., in chambers)).  The custodian "is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner."  Brittingham, 982 F.2d at 379 (quoting Guerra v. Meese, 786 F.2d 414, 416 (D.C. Cir.1986) (Parole Commission is not custodian despite its power to release petitioner)).  Normally, the custodian of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

Petitioner names "Federal Bureau of Prisons/FCI Mendota" as the respondent in this matter.  At this time, Paul Copenhaver is the warden of that institution.  Because Petitioner did not name his immediate custodian as the respondent in this matter, this Court is without personal jurisdiction, and the petition must be dismissed.

However, the Court will give Petitioner the opportunity to cure the defect by amending the petition to name a proper respondent.  See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).  In the interest of judicial economy, Petitioner need not file an amended petition.  Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

D.  Exhaustion

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984).  A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first exhausts all of his administrate remedies by presenting his claim to the BOP. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow, 730 F.2d at 1313.  In Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir.1983) (per curiam), the Ninth Circuit explained why a petitioner must first exhaust his administrative remedies before filing for habeas relief: "The requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings. See also Chua Hah Mow, 730 F.2d at 1313.

However, the exhaustion requirement was judicially created; it is not a statutory requirement. Chua Han Mow, 730 F.2d at 1313; Montgomery v. Rumsfeld, 572 F.2d 250, 252 (9th Cir. 1978).  Because exhaustion is not required by statute, it is not jurisdictional. Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987), *cert. dismissed*, 488 U.S. 935 (1988); Montgomery, 572 F.2d at 252.  "Where exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Brown, 895 F.2d at 535.

The Bureau of Prisons has established an administrative remedy procedure governing prisoner complaints.  Under BOP procedures, Petitioner can raise claims that his federal and state sentences should run concurrently and that he should receive jail time credits. See BOP Program Statement 5160.05, at ¶ (9)(b)(4) (2003). The procedure is set forth at 28 C.F.R. §§ 542.10 et. seq.  First, an inmate must attempt to resolve the issue informally by presenting it to staff before submitting a Request for Administrative Remedy.  28 C.F.R. § 542.13.  If dissatisfied with the

response, the prisoner may proceed with the formal filing of an Administrative Remedy Request. 28 C.F.R. § 542.14. Upon denial by the warden of the institution, the prisoner may appeal the decision by filing a complaint with the Regional Director of the Bureau of Prisons. 28 C.F.R. § 542.15. The Regional Director's decision may be appealed to the General Counsel in Washington, D.C. Id. Appeal to the General Counsel is the final step in the administrative remedy process. Id.

Here, it appears that Petitioner has failed to exhaust his administrative remedies within the BOP. On July 14, 2011, the Montana District Court sentenced Petitioner to 144 months' imprisonment. (Pet., ECF No. 1). Petitioner did not appeal his conviction or sentence. On September 13, 2011, Petitioner, through counsel, made a motion to amend the federal sentence, which was denied on September 16, 2011. On December 13, 2011, Petitioner was paroled from Montana state custody, and was delivered to federal custody. It appears that Petitioner has not made any formal requests of the BOP. Petitioner states that he "contacted my case manager, Mr. Wynn, and talked to him at length about my jail credit issues and informed him of my lawyer's intent to contact him in reference to this issue. He proceeded to inform me that he was not responsible for my time credit computation and that my lawyer needs to contact a Mr. Hoffman." (Mem.[1] at 3-4). Petitioner states that he "was informed by Mr. Hoffman that the way my sentence was worded, I would not be receiving any jail time credit." Id. Therefore, it appears that Petitioner has only concluded the informal resolution, and has not appealed further. Thus, Petitioner has not exhausted his administrative remedies.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the petition should not be dismissed for Petitioner's failure to exhaust administrative remedies.

---

[1] "Mem." refers to the memorandum that is attached to Petitioner's petition for writ of habeas corpus.

2) Petitioner is GRANTED leave to file a motion to amend the petition to name a proper respondent within thirty (30) days of the date of service of this Order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Fed. R. Civil Proc. § 41(b) (A petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action, and the dismissal operates as an adjudication on the merits).

IT IS SO ORDERED.

Dated:   **October 21, 2014**

UNITED STATES MAGISTRATE JUDGE