# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN SKELTON,<br><br>Petitioner,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS/FCI MENDOTA,<br><br>Respondent. | Case No.  1:14-cv-01314- SAB-HC<br><br>ORDER GRANTING MOTION TO DISMISS PETITION<br>(ECF No. 8)<br><br>ORDER DISMISSING PETITION WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

On August 22, 2014, Petitioner filed the instant habeas petition.  Following a preliminary review of the petition, the Court issued an order that Petitioner had to show cause why the petition should not be dismissed for petitioner's failure to exhaust administrative remedies, and advising Petitioner he had failed to name a proper respondent and granting him leave to amend the petition.  On November 10, 2014, Petitioner filed a motion to dismiss the petition without prejudice.  He states the petition suffers from a number of defects, including a failure to exhaust administrative remedies.  Respondent has not yet filed an answer to the petition.

///

1

1    Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, "the [petitioner]

2  may dismiss an action without a court order by filing: a notice of dismissal before the opposing

3  party serves either an answer or a motion for summary judgment . . . ."  Pursuant to Rule 12 of

4  the Rules Governing Section 2254 Cases, "[t]he Federal Rules of Civil Procedure, to the extent

5  that they are not inconsistent with any statutory provision or these rules, may be applied to a

6  proceeding under these rules."

7    In this case, Respondent has not yet filed an answer or other responsive pleading.

8  Therefore, under Rule 41(a)(1), the petition must be dismissed without prejudice.  The Court

9  expresses no opinion with respect to the timeliness of the instant petition or any future petition.

10  Nevertheless, Petitioner is forewarned that there is a one-year statute of limitations period

11  governing the filing of federal habeas petitions which commences upon the conclusion of direct

12  review.  28 U.S.C. § 2244(d).  The statute may be tolled while Petitioner seeks relief in the state

13  courts, see 28 U.S.C. § 2244(d)(2), but it is not tolled for the time a habeas petition is pending in

14  federal court.  Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

**ORDER**

17    Accordingly, IT IS HEREBY ORDERED that:

18    1.  Petitioner's motion to voluntarily dismiss the petition is GRANTED;

19    2.  The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE; and

20    3.  The Clerk of Court is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED.

Dated:    **November 18, 2014**    _____

UNITED STATES MAGISTRATE JUDGE

2